CAVEAT in the County-Court. Verdict for the Caveator; a petition was presented to a judge of this Court, praying that the cause might be removed by certiorari. The Judge granted the writ, and now at this term, it was moved to quash it, on the ground that the court have no authority in cases of caveats to grant writs, of certiorari. The first section of an act passed in the year 1779, c. 4, was referred to. By that section, the legislature have said that the judgment of the (County) Court, in all cases of vacant and unappropriated land, shall be final and conclusive without any appeal to the Superior Court. Ird. 384.
 

 The cause was elaborately argued on both sides, when the court decided, that this court by the common law, had a control over all inferior jurisdictions—that this writ was the proper mean of exercising this control in a case situated like the present; and that the power of this court to issue writs of certiorari, could not be taken away without express negative words.
 
 *
 

 The will of the legislature when known is the law; but to exclude the general superintending power of this court, it should be clearly and unequivocally expressed, and not left to be collected from doubtful inferences. The legislature have clearly said, that no appeal shall be allowed to this court, but it does not thence follow, that the cause cannot be brought here by certiorari.
 

 Take nothing by the motion.
 

 The counsel for the caveator, then observed, that the caveatee was a non-resident, that he had no property within the jurisdiction of this court, except
 
 *2
 
 the land now in dispute; and therefore moved that the caveatee should be ordered to give security for costs, within a limited time, or the certiorari be dismissed, which after argument was ordered accordingly.
 

 *
 

 2 T.R. 735 5 T.R. 251. & 626. 6 T.R. 194