Sheed, J.,
delivered tbe opinion of tbe court:
Tbe writs of certiorari and supersedeas in. this case were made returnable to tbe September term, 1871, of tbe cir *261 cuit court of Davidson county, and at that time defendant moved to dismiss the petition.
On a subsequent clay of said term, “the motion, to dismiss ivas continued'by consent of parties for argument at t-lie next term.” It does not appear that any other action was had in the case until the January term, 1813, when the record shows that “the cause came up on motion made at former term to dismiss, and upon argument, the same is continued for consideration to the next term.” The next entry is of September term, 1813, when the court took iinal action in the case and dismissed the petition.
The first question presented is as to the effect of this non-action on the motion to dismiss. It is urged by the petitioner that the failure of the defendant through so long a lapse of Lime to invoke the action of the court on the motion to dismiss the petition, has worked a discontinuance of the motion; that the defendant has, by its laches in this respect, waived, abandoned and lost the benefit of said motion, and that the petitioner was entitled to a, trial upon the .merits of his petition.
We do not think so. The settled rule of practice in the courts of this state is, that the motion to dismiss must be made at the return term of the certiorari, or at the first term after the' service of the supersedeas. “It ought to be made,” say this court, “at the earliest stage of the proceedings, being one which does not always go to the merits.” [Chappell v. Jones], 8 Hum., 107. If not thus made, the defendant to the petition must, as a general rule, lose the benefit of such a proceeding, and submit to a trial upon the merits. But when thus made, the motion stands as any other cause on the docket, and is subject to the ordinary delays incident to judicial proceedings. The motion being made and entered, the court is not obliged to postpone all things else and hear argument on the motion, but -may exercise a sound discretion in the matter.
There may be many reasons why such a question might lie over from term to term. In a crowded docket it might *262 not be reached; or the court might, in the exercise of its discretion, upon a pressure for time, decline to take it up when demanded, and yet no entry of such action may appear of record. If the petitioner in such case would make a point on the laches of defendant, he must himself become the actor by demanding a rule upon the defendant, and by taking advantage of the defendant’s failure to comply, or by specially excepting to the action of the court in the event of a refusal of the rule. But this point, we think, was expressly adjudged in the ease of Copeland v. Cox, 5 Heis., 174, where it was held that the party did not waive the motion to dismiss by the mere fact that he did not call it up to be decided by the court until twelve months after it was entered. In the case now before us the motion to dismiss was made at the proper term, but was “by ■ consent,” continued over. In the absence of any action on the part of petitioner 'looking to a disposition of the motion, it may well be presumed that such consent continued through the several terms in which the motion lingered on the docket. Was the petition properly dismissed upon its merits?
The petition was instituted to resist the collection of certain municipal taxes assessed and levied by the corporate authorities of the city of Nashville, the collection of which was about being enforced by a collector under a distress warrant.
The main ground assumed in the petition is that the petitioner, at the time said taxes became due and payable, was the owner and holder of past due coupons out from bonds issued by said city, and also the owner and holder of past due checks issued by said city, amounting, in the aggregate, to $3,630.61, an amount largely in excess of the amount of said taxes; and this indebtedness of the city to him, he insists, should be received by the city to the amount of his taxes, in discharge thereof. The taxes sought to be recovered are for the years. 1869 and- 1870, and with ail penalties and charges thereon, amount to the. sum of *263 $2,300. It is incidentally stated in the petition that the petitioner believes that about $2,000 of said assessment is in excess of the trae and legal amount. How much thereof is for penalties the petitioner does not know. He demands that the true and legal amount of his taxes for the years 1869 and 1870 be ascertained.
This statement is too vague, uncertain, and unsatisfactory to give it merit as a ground for the writs of super-sedeas and certiorari. The assessment in such case, and the distringas to enforce it, are, in legal effect, a judgment and execution. If a mistake or error in the amount be the mattát of complaint, the law requires that the amount thereof shall be set out and stated in the petition, so that only that amount shall be suspended. Act 1827, ch. 26, sec. 1; Code, sec. 3129 [Shannon’s Code, sec. 4860]. The statement -must at least approximate certainty. A mere belief of the petitioner that the amount is excessive is not enough, especially when stated in the vague, uncertain, and unsatisfactory manner as in this petition. O’Sullivan v. Larry, 2 Head, 54. If the assessment were, in fact, excessive, and erroneous, the taxpaver would not be without remedy in the proper municipal forum for its correction; but, however this may be, the statement in this petition is too vague and uncertain to be noticed, even if we could take cognizance of such a question in such a proceeding, which we do not admit.
The only other alleged ground of merit in the petition is the right the petitioner claims to set off the dioses in action of the corporation against him; and this is the manifest gravamen and burden of the petition. It is not very clear that this question could be considered in a proceeding like this. We hold, however, that such a set-off would be inadmissible.
A city government, like that of a state, cannot be compelled, without its own consent, to accept its own obligations in lieu of taxes which are due to it. The principle is recognized everywhere that nothing but money can be *264 received, by a state or municipal government in discharge of its revenues, unless some special statute or ordinance bas authorized it. The city government is for the benefit of the little public which it governs. It lives upon its taxes, and its first duty is self-preservation by the steady and certain collection of its revenues. A debt due from a city to one of its taxpayers is not a matter of lawful set-off against the taxes due from such creditor, and cannot be enforced without the consent of the city. “Taxes,” says a late text writer on this subject, “are not debts in the ordinary sense of that term, and their collection will, in general, depend on the remedies which are given by statute for their enforcement. Taxes are not demands against which a set-off is admissible.” Cooley on Taxation, 13; Trenholm v. Charleston, 3 Richardson, S. C., 347; McCracken v. Elder, 34 Penn. St., 239; Peirce v. Boston, 3 Metc. [Mass.], 520; Johnson v. Howard, 41 Vt., 122; Himmelman v. Spanagel, 39 Cal., 389.
We find no error in the judgment dismissing the petition. Let it be affirmed.