NASHVILLE SAVINGS-BANK *v.* MAYOR AND CITY COUNCIL. OF NASHVILLE.

April Term, 1877.

JURISDICTION CAN ONLY BE TAKEN AWAY BY EXPRESS WORDS. — The provision of a tax-act, which, while saying that nothing therein shall restrict the power of the County Court to hear and determine applications in regard to alleged erroneous assessments, provides that the application shall be made at the first quarterly term of that court occurring more than thirty days after the return of the assessors, "and never thereafter," is merely directory, and will not take away the general jurisdiction of the court over the subject of erroneous assessments.

*Ruhm,* for complainant.
*McAllister,* for defendants.

THE CHANCELLOR : — On demurrer. The complainant, upon proceedings before the County Court instituted for the purpose, obtained an order reducing the assessment of its

property for taxation as erroneous, and comes into this court to have the benefit of the order against the defendants refusing to recognize it.   The act of 1875, 81, under which the assessment was made, provides by section 2 that nothing in the act shall restrict the power of the quarterly court to hear and determine applications in regard to alleged erroneous assessments, provided such application be made at the first quarterly court occurring more than thirty days after the return of the assessors, "and never thereafter." The question is, whether these last words take away the jurisdiction of the County Court over erroneous assessments, given by the Code, sec. 4213, and recognized in this very section, or are merely directory.   In *Murfree* v. *Leeper*, 1 Tenn. 1, the very first case reported in our books, the decision was that jurisdiction can only be taken away by express negative words.   The Legislature had enacted that the judgment of the County Court in all cases of vacant and unappropriated land "shall be final and conclusive," without any appeal to the superior court.   Notwithstanding the strong language, "shall be final and conclusive," the court held that the jurisdiction of the superior court to remove the cause by *certiorari* was not affected.   The statute before us does not expressly repeal the jurisdiction of the County Court given by the general law.   It simply undertakes to limit the time within which the application shall be made. Such a provision is in its very nature directory.   It is an expression of the legislative opinion, expressed in this instance in very strong words, that the court should not entertain the application unless made in the time prescribed. Such a direction would, of course, have great weight with the court, and it would be inclined to follow it unless a plain case for relief and a good excuse for the delay were made out.   Of these matters it must judge.   The action of the court was, therefore, valid; and the original assessment having been thereby annulled, the complainant has made out a *prima facie* case for relief.   The demurrer must be overruled.