S. H. STAPLES *v.* S. C. BROWN.

*(Knoxville.* September Term, 1904.)

1. **APPEAL OR WRIT OF ERROR.** Does not lie from judgment of city council in contested election case, when.

Where judicial powers are conferred upon a city council to hear and determine contested elections of city officers, under rules to be adopted by it, in the absence of any provision for a review of its action or a retrial of the case by any other tribunal, no appeal or writ of error will lie from its judgment. (*Post,* p. 643.)

2. **CITY COUNCIL.** Vested with judicial powers to try contested elections is not a court in the sense of the constitution, and its judgment cannot be made conclusive.

A city council vested with judicial powers to hear and determine contested elections of city officers is not a court within the meaning of the constitutional provision that all courts shall be open, and every man having an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay; and hence, its judgment cannot be made final and conclusive of the rights of litigants. (*Post, pp.* 643, 644.)

Constitution cited and construed: Art. 1, sec. 17.

Case cited and approved: Railroad v. Bate,. 12 Lea, 577.

3. **CERTIORARI.** Lies in circuit court to revise and retry cases tried by all inferior tribunals, when.

The circuit court has a general appellate and revisory jurisdiction over all inferior tribunals created by the legislature and vested with judicial powers, which it may exercise by certio-

Staples v. Brown.

rari and supersedeas where no appeal or writ of error will lie
for the correction of their judgments, not only when they have
exceeded their jurisdiction or are acting irregularly, but for er-
rors of fact and law committed by them, to the end that the
case mey be retried upon the merits. (*Post, pp.* 644-656.)

Code cited and construed: Secs. 4853, 4854, 6063, 6072 (S.); secs.
3838, 3839, 4997, 5006 (M. & V.); secs. 3123, 3124, 4225, 4234
(T. & S. and 1858).

Cases cited and approved: Murfree v. Leeper, 1 Ov., 1; Beck
v. Knabb, 1 Ov., 56; Stuart v. Hall, 2 Ov., 179; Durham v. United
States, 4 Hay, 54, 69; Kendrick v. State, Cooke, 474, 477; Line-
baugh v. Rinker, Peck, 362; Bob v. State, 2 Yer., 173; Duggan
v. McKinney, 7 Yer., 21, 23; Rogers v. Ferrell, 10 Yer., 254;
Mayor v. Pearl, 11 Hum., 251; Cooper v. Summers, 1 Sneed, 456;
Dodd v. Weaver, 2 Sneed, 671; State v. Green, 2 Head, 359;
Shields v. Justices, 2 Cold., 61; McGrath v. Logue, 6 Cold., 340;
Spears v. Loague, 6 Cold., 421; Wilson v. Lowe, 7 Cold., 154;
Hundhausen v. Insurance Co., 5 Heis., 702; Friedman v. Mathes,
6 Heis., 488, 502; Boyers v. Webb., 1 Lea, 696; Saunders v.
Russell, 10 Lea, 295; Hawkins v. Kercheval, 10 Lea, 540; Rail-
road v. Bate, 12 Lea, 574; State v. Taxing District, 16 Lea, 245;
Shelby Co. v. Railroad, 16 Lea, 412; Scovel v. Nashville, 2 Tenn.
Cas., 260; Nashville v. Smith, 86 Tenn., 213; Hayden v. Mem-
phis, 100 Tenn., 583; Railroad v. Campbell, 109 Tenn., 646.

Cases cited and distinguished: Wade v. Murry, 2 Sneed, 50;
Knight, Ex parte, 3 Lea, 402; Tomlinson v. Board, 88 Tenn., 1.

4. **SAME.** Same. Lies in contested election cases before city
council, when; case in judgment.
Where a candidate for a city office has unsuccessfully contested
the election before the city council, from whose judgment no
appeal or writ of error lies, he is entitled to a trial *de novo* in
the circuit court upon suing out a writ of certiorari in said
court.

Staples v. Brown.

## FROM ROANE.

Appeal from the Circuit Court of Roane County.—GEORGE L. BURKE, Judge.

H. M. CARR and S. E. YOUNG, for Staples.

WRIGHT, WRIGHT & HAGGARD, for Brown.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is a contested election case for the office of city attorney of Harriman, Tenn. An election was held in Harriman on June 2, 1903, for the election of city officers, and the complainant and the defendant were candidates for the office of city attorney. The officers holding the election made returns to the election commissioners of Roane county, showing that the plaintiff had received 171 votes and the defendant 172 votes, and a certificate of election was issued to the latter. Thereupon the plaintiff gave the defendant notice that he would contest the election before the city council of Harriman under a provision of the charter of the city vesting the council with jurisdiction to hear and determine contested elections of city officers, and afterwards filed with it a formal statement of the grounds of his contest, averring that in said election he had received 173 votes

113 Tenn—41

and the defendant only 168 votes, but that the ballots were wrongfully and erroneously counted by the election officers so as to make it appear that his opponent had received a majority of one, when, in fact, contestant had received a majority of five votes, and was duly elected and entitled to the office.

The defendant filed an answer, in which he denied and put at issue all of the grounds of the contest. The case was heard by the city council upon the evidence introduced by the parties, including the ballots cast in the election, which had been preserved.

The council canvassed and recounted the ballots, but, declining to announce the result, adopted a resolution to the effect that it would abide by the count made by the officers holding the election, and dismissed the contest.

Plaintiff prayed an appeal to the circuit court of Roane county, which was granted, but at the next term of that court, upon motion of defendant, the appeal was dismissed, because the statute vesting jurisdiction in the council to try the contest did not provide for an appeal from its judgment.

The plaintiff then filed his petition for certiorari in that court, averring therein the facts here stated, to remove the case into it for a retrial upon the merits, and obtained a proper fiat thereon from the judge of that judicial circuit. This petition, on motion of the defendant, was dismissed, upon the ground that the judgment of the council in dismissing the contest was final

and not subject to review by the circuit court, and the case is now in this court upon an appeal, in the nature of a writ of error, to reverse that judgment.

The trial judge was of the opinion that, since the statute conferring upon the city council of Harriman jurisdiction to try contested elections of officers in the city provided for no review of its judgment in such cases, they were final and conclusive upon the parties, and the circuit court did not have jurisdiction to review them by certiorari.

We cannot concur in this conclusion. The clause of the charter under which the council assumed jurisdiction of the contest, and which is the entire enactment upon the subject, is as follows:

"If the election of any city officer shall be contested, the contest shall be heard and determined by the city council under such rules as the said city council shall have previously established for such hearing."

This confers judicial powers upon the council in contests of elections of its officers, and authorizes it to hear and determine them under the rules to be adopted by it. There is an entire absence of any provision for a review of its action or a retrial of the case by any other tribunal, and it is clear that no appeal or writ of error will lie from its judgment, and the trial judge was correct in dismissing the appeal taken by the plaintiff; but it by no means follows that plaintiff is not entitled to a retrial of his case upon the merits in the circuit court of his county.

The constitution (article 1, section 17 ) provides that all courts shall be open, and every man having an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

The obvious meaning of this is that there shall be established courts proceeding according to the course of the common law, or some system of well-established judicature to which all of the citizens of the State may resort for the enforcement of rights denied, or redress of wrongs done them.

Jurisdiction of certain controversies, including contests of this character, may be vested in county courts, city councils, or boards of commissioners or supervisors, and quasi judicial powers conferred upon them; but their judgments must be, and are, subject to review by the circuit court of the county in which the proceedings are had. These inferior jurisdictions are not courts within the meaning of this provision of constitution, and their judgments cannot be made final and conclusive of the rights of litigants. The right of every one to his day in court cannot be denied him. *Railroad* v. *Bate,* 12 Lea, 577.

Circuit courts have original jurisdiction of all cases where jurisdiction is not conferred upon some other court, and a general appellate and revisory jurisdiction over all inferior tribunals, councils, and boards which may from time to time be created by the legislature and vested with judicial functions, to review their proceed-

ings in all cases where they have exceeded their jurisdiction, or acted illegally or erroneously. Where no appeal or writ of error will lie, this jurisdiction may be exercised by writs of certiorari and supersedeas, and the the case retried upon the merits. In this respect there are analogous to the courts of the king's bench of England. *Kendrick* v. *State,* Cooke, 474; *Duggan* v. *McKinley,* 7 Yerg., 21.

They are by the express mandate of the constitution (article 6, sections 1 and 10) required to be established in every county of the State, and are authorized to issue writs of certiorari to remove all civil cases, for sufficient cause, into them from any inferior jurisdiction. Their appellate and original jurisdiction, applicable to this case, is found in Code, sections 4225 and 4234, which are as follows:

"The circuit courts of this State are courts of general jurisdiction, and the judges thereof shall administer right and justice according to law in all cases where the jurisdiction is not conferred upon another tribunal."

"They have an appellate jurisdiction of all suits and actions, of whatsoever nature or description, instituted before any inferior jurisdiction, whether brought before them by appeal, certiorari, or in any other manner prescribed by law." Code (Shannon's Ed.), sections 6063 and 6072.

"They may grant writs of certiorari whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions

has exceeded the jurisdiction conferred, or is acting illegally, when in the judgment of the court, there is no other plain, speedy or adequate remedy."

"Certiorari lies: (1) On suggestion of diminution; (2) where no appeal is given; (3) as a substitute for appeal; (4) instead of *audita querela*; (5) instead of writ of error." Code (Shannon's Ed.), sections 4853 and 4854.

This jurisdiction of the circuit court to supervise and review upon the merits the proceedings of all inferior jurisdictions, especially those proceedings not according to the course of the common law, by certiorari and supersedeas, where no appeal is allowed or writ of error will lie has been recognized and exercised from the earliest days of our judicial history, and is now too firmly established by constitutional provision, statutory enactment, and judicial decision to be a subject of controversy.

These are some of the cases in which it has been upheld and enforced:

*Murfree* v. *Leeper,* 1 Tenn., 1; *Beck* v. *Knabb,* 1 Tenn., 56; *Stuart* v. *Hall,* 2 Tenn., 179; *Durham* v. *United States,* 4 Hayw., 54, 69; *Kendrick* v. *State,* Cooke, 477; *Linebaugh* v. *Rinker,* Peck, 362; *Bob* v. *State,* 2 Yerg., 173; *Duggan* v. *McKinney,* 7 Yerg., 23; *Rogers* v. *Ferrell,* 10 Yerg., 254; *Mayor* v. *Pearl,* 11 Humph., 251; *Cooper* v. *Summers,* 1 Sneed, 456; *Dodd* v. *Weaver,* 2 Sneed, 671; *State* v. *Green,* 2 Head, 359; *Shields* v. *Justices,* 2 Cold., 61; *McGrath* v. *Logue,* 6 Cold., 340; *Spears* v. *Loague,* 6 Cold., 421; *Wilson* v. *Lowe,* 7 Cold., 154;

Staples v. Brown.

*Hundhausen* v. *Insurance Co.,* 5 Heisk., 702; *Fried-man* v. *Mathes,* 8 Heisk., 488, 502; *Boyers* v. *Webb,* 1 Lea, 696; *Saunders* v. *Russell,* 10 Lea, 295; *Hawkins* v. *Kercheval,* 10 Lea, 540; *Railroad* v. *Bate,* 12 Lea, 574; *State* v. *Taxing District,* 16 Lea, 245; *Shelby County* v. *Railroad,* 16 Lea, 412, 1 S. W., 32; *Scovel* v. *Nashville,* 2 Tenn. Cas., 260; *Nashville* v. *Smith,* 86 Tenn., 213, 6 S. W., 273; *Hayden* v. *Memphis,* 100 Tenn., 583, 47 S. W., 182; *Tennessee Central Railway* v. *Campbell,* 109 Tenn., 646, 75 S. W., 1012.

In *Murfree* v. *Leeper,* supra, a *caveat* case in the county court, it was held that certiorari would lie to remove the proceedings into the superior court, to the jurisdiction of which the circuit court has succeeded, notwithstanding a statute providing that the judgment of the county court in such matters should be final and conclusive, without any appeal to the superior court.

In *Durham* v. *United States,* 4 Hay., 54, Judge Haywood, in holding that certiorari would hold to bring the proceedings of a court-martial into the circuit court for review, said: "All inferior courts are erected by statute, and proceeding by or under the laws of the State, are subject to the superintendence of our circuit courts, who will upon a certiorari reverse their proceedings for want of jurisdiction, or for the improper exercise of jurisdiction. . . . For these purposes this writ (certiorari) is of the highest utility and importance, and in no case more so than in such an one to which it is now applied, in curbing the excess of jurisdiction and in correcting its mistakes and errors. By what means could the nu-

merous inferior jurisdictions and tribunals erected by
different statutes be regulated and restricted if we lay
aside this writ? Must they ride over and trample upon
the rights of the citizen without control, and without
having their proceedings subject to revision?     Surely
not.  The first rule of our judicial system is that all in-
ferior jurisdictions are subject to be superintended, reg-
ulated and corrected, and kept within the limits of their
authority by the superior court, which exercises that su-
perintendency by means of the writ of certiorari.  Con-
sidering it in this point of view, it is almost indispensa-
ble to the safety of our citizens, and most essential to
the public welfare. For my part, it is the last writ that I
would agree to expunge from our *natura brevium*. And
not much less useful is it when resorted to as a substi-
tute for the appeal, taking care to circumscribe its use
with all the rules and restrictions already laid down by
our courts, and not to produce by it results unfavorable
to justice by needless delay." 4 Hay., 55, 72, 73.

In *Bob* v. *The State*, supra, certiorari and supersedeas
to remove to the circuit court for retrial the proceedings
of a special court, composed of three justices of the
peace and a jury, created for the purpose of trying
slaves charged with crime, in reversing the action of the
circuit judge for dismissing the petition for want of ju-
risdiction, the said great judge said: "The maxim of
the law is that there is no wrong without a remedy; and
it is a particular rule that a certiorari will lie to all in-
ferior jurisdictions (the proceedings of which cannot be

corrected by a writ of error) to remove their proceedings into the superior court, to be there confirmed or quashed, or otherwise corrected, as law and justice shall require. It lies to all courts not proceeding according to the course of common law, and where, without the writ of certiorari, there would be no remedy against an illegal sentence."

In the case of *Cooper* v. *Summers,* supra, an inquisition of lunacy begun in the county court, in disposing of the method of review in such cases by the circuit court, Judge McKinney says: "The remedy would be (if no appeal or writ of error were given by statute) the writ of certiorari, which has been adopted in our practice as the almost universal method by which the circuit court, as a court of general jurisdiction, exercises control over all inferior jurisdictions, however constituted, and whatever their course of proceeding."

The case of *Dodd* v. *Weaver,* supra, a contested election of a constable, sustains both the jurisdiction of the circuit court and the remedy by certiorari. Judge Totten, delivering the opinion of the court, says: "It is argued that the judgment of the county court was final and conclusive upon the parties. Jurisdiction to try contested elections for justices of the peace and constables is conferred upon the county court by the act of 1851-52, p. 56, c. 54, and it is made the duty of the court to hear proof and decide the case upon evidence. The return of the sheriff is not conclusive, but merely *prima facie* evidence, of the right to the office; and the function of the

county court is not ministerial, but judicial, as it relates to a matter in litigation. 'As to the nature of the subject in contest, the office is an incorporeal right, and it consists in the right to execute a public trust, and to take the emoluments belonging to it.' 3 Kent's Com., 362.

"Now if the county court erroneously decided against the person entitled to the office, it is an injury to private right, for which there ought to be a remedy. The remedy is to be found in the circuit court. The court possesses a general revisory jurisdiction over all inferior courts, which it exercises by writ of error, by appeal, by certiorari, or other remedial agency as may be proper in the case. The court cannot be closed, but it must be opened to the injured party, who is entitled to 'remedy by due course of law.' Const. art. 1, section 17.

"If there be no appeal, then certiorari, which is a constitutional writ, is a proper remedy by which any injurious irregularity in the proceeding may be corrected or a trial *de novo* be had."

*Wilson* v. *Lowe,* supra, was certiorari to remove into the circuit court for review the action of commissioners appointed to lay off a homestead, and it was sustained, the court holding that the circuit court, as a court of general jurisdiction, having control over all inferior jurisdictions, could by this method review their actions when exercising powers not conferred, for irregularities, or errors in matters over which they have jurisdiction.

In *Hawkins* v. *Kerchevall,* supra, it was held that cer-

tiorari would lie to remove the proceedings of the police commissioners of Nashville, removing a policeman from office, into the circuit court for review, no appeal being provided by the statute vesting the commissioners with jurisdiction to try policemen of the city on charges of official misconduct.

In the case of *The State* v. *The Taxing District of Shelby County,* supra, certiorari to remove the proceedings of the police commissioners of the defendant, adjudging one of its citizens guilty of violation of an ordinance of the taxing district, into the circuit court for review, no appeal being provided for by the statute, this court, speaking through Judge Cooper, held that certiorari would lie for this purpose, saying: "This court has often held that the writ of certiorari lies to remove the judicial sentences of all courts exercising statutory jurisdiction in a summary way, or by proceedings not according to the common-law forms, where the writ of error does not lie. . . . The writ of certiorari is one of the methods provided by the Code for the correction of errors in judicial proceedings. It lies when no appeal is given, and may be granted in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or has acted illegally, when in the judgment of the court there is no other plain, speedy, or adequate remedy."

And in *Hayden* v. *Memphis,* supra, the present chief justice delivering the opinion of the court, it was held that, there being no statutory right of appeal, certiorari ,

would lie to review the action of the city council of Memphis removing one of its officers. It is said in this case: "This court has had occasion frequently to recognize the extensive limits of this writ."

In *Mayor* v. *Pearl,* supra, it is said: "It (the writ) has been adopted by us as the almost universal method by which the circuit courts of general jurisdiction, both civil and criminal, exercise control over all inferior jurisdictions, however constituted, and whatever their course of proceeding, as well where they have attempted to exercise a jurisdiction not conferred, as where there has been an irregular or erroneous exercise of jurisdiction, and in criminal proceedings as well as in civil. Instead of restricting the use of the certiorari to the proceedings of the inferior courts whose proceedings are not according to the courts of common law, where for that reason a writ of error will not lie, it is held that it lies to remove the proceedings of all tribunals exercising jurisdiction under statutory regulations, whether in a summary way, or by a mode of proceeding not according to common-law form."

The cases of *McGrath* v. *Logue, Spears* v. *Logue, Friedman* v. *Mathes, Saunders* v. *Russell, Shelby County* v. *Railroad Co., Nashville* v. *Smith* and *Scovel* v. *Nashville,* supra, were certiorari and supersedeas in circuit courts to try the validity and regularity of assessments of privilege taxes and distress warrants issued for their collection, and in all of them the jurisdiction of the circuit court to review the questions in-

volved under its revisory jurisdiction over all  inferior jurisdictions in this way, when no appeal or writ of error would lie, was sustained.

*Railroad Company* v. *Bate,* 12 Lea, 574, was certiorari and supersedeas to remove into the circuit court the proceedings of the board of railroad assessors and examiners, assessing the property of the railroad company for taxation, for irregularities and errors in said proceedings to the prejudice of the petitioners, and, notwithstanding the statute under which the board was acting provided that its action should be final and conclusive as to the value of property assessed, it was held that the circuit court, by certiorari, had jurisdiction to review its proceedings, and it was done and the  relief granted.

The cases of *Wade* v. *Murry,* 2 Sneed, 50; *Knight, Ex parte,* 3 Lea, 402, and *Tomlinson* v. *Board of Equalization,* 88 Tenn., 1, 12 S. W., 414, 6 L. R. A., 207, are relied upon to sustain the action of the trial judge in dismissing the petition of the plaintiff.

These cases do hold that certiorari will not lie to remove into the circuit court, for retrial upon the merits the proceedings of inferior tribunals vested with jurisdiction to try a special class of cases, where no appeal is allowed, or it is provided that the judgment shall be final, when they act regularly and within their jurisdiction, but they are the only ones so holding to be found in our reports, and are in irreconcilable conflict with the long line of well-considered decisions above cited which

have never been overruled, and, in our opinion, are in accord with the principles of the common law, and the provisions of our constitution and statutes, upon the subject.

The case of *Wade* v. *Murry* did not meet with the approval of the bar or the lawmaking power in this State, and the statute under which the proceeding was had was amended by the next general assembly so as to allow an appeal in such cases. Judge Totten, then a member of this court, did not fully concur with the majority, being of the opinion that the revisory jurisdiction of the circuit court extended to all questions of error or illegality in the proceedings of inferior tribunals which prejudice the rights of a party, and that the legislature could not constitutionally deny such parties a judicial remedy, or limit the revisory jurisdiction of the circuit court, which view of the law was approved in the case of *Railroad* v. *Bate,* Judge Turney delivering the opinion of the court, thus in effect overruling the majority opinion in the former case upon this point.

The case of *Knight, Ex parte,* was decided by a majority court, Judges Freeman and Turney dissenting, and the decision is largely rested upon the ground that the duties discharged by the officer whose action was sought to be revised were ministerial, and not judicial.

The case of *Tomlinson* v. *Board of Equalization* involved a question of assessment of general property for taxation under the provisions of the assessment law of 1887, and the decision was rested upon grounds of pub-

Staples v. Brown.

lic policy and necessity, the court being of the opinion
that, if every taxpayer was allowed to contest the asses-
sable value of his property for taxation in the courts, the
delays in the collection of the revenues of the State
which would necessarily follow would greatly embar-
rass and imperil the proper administration of public af-
fairs.

While we do not intend to weaken this case in its ap-
plication to the precise question involved in it, yet it
must be narrowed and confined to that question, and can
not be considered authority in cases like the one at bar.

The only authorities cited to sustain it, so far as it
bears upon other questions than the assessment of prop-
erty for taxation, are the cases of *Wade* v. *Murry,* and
*Knight, Ex parte,* supra, which fail to do so for the
reasons we have stated in commenting upon them.

There is, then, no doubt but that the circuit court has
a general appellate and revisory jurisdiction over all
inferior tribunals created by the legislature and vested
with judicial powers, which it may exercise by certio-
rari and supersedeas where no appeal or writ of error
will lie, for the correction of their judgments, not only
when they have exceeded their jurisdiction or are acting
irregularly, but for errors of fact or law committed by
them.

The plaintiff claims in his petition, which must be ta-
ken as true for the purposes of this hearing, that he has
been elected to the office of city attorney of Harriman,
that he has been denied the right to exercise the func-

Staples v. Brown.

tions and receive and enjoy the emoluments of this office, and that he is entitled to his day in court to have his title to the office tried and determined. We think that he has this right, and that he has pursued the proper remedy to enforce it. The judgment of the circuit court dismissing his petition will therefore be reversed and the case remanded to that court for a retrial upon the merits.