## LEWIS *v.* SHELBY COUNTY.

### *(Jackson.* April Term, 1906.)

**1. ANIMALS, DISEASED. Power of inspector to destroy.**
The authority of the State live stock inspector to destroy diseased animals, when the public safety demands their destruction, is absolute and cannot be questioned in any subsequent proceeding.

Act cited and construed: Acts 1901, ch. 156.

**2. SAME. Award of commissioners for, reviewable by certiorari.**
The award of commissioners for the value of diseased animals destroyed in the interest of the public safety, may be reviewed by certiorari to the circuit court.

Case cited and approved: Staples v. Brown, 113 Tenn., 639.

**3. SAME. Award of commissioners for, is final, when.**
Such award is final, unless reviewed by *certiorari*, and the county court has no power to fix for itself the value of the animal.

Act cited and construed: Acts 1901, ch. 156.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

J. S. McKINLEY, for Lewis.

LEE THORNTON, for Shelby County.

MR. JUSTICE NEIL delivered the opinion of the Court.

Chapter 156, p. 283, of the Acts of 1901 is entitled "An act to prevent the spread of communicable diseases among domestic animals in the State of Tennessee," etc.

Section 10 of this act provides:

"That whenever, in the opinion of the State live stock inspector, the public safety demands the destruction of any animal, or animals, under the provision of this act, he shall, before ordering the killing or the slaughtering of the same, appoint three competent and disinterested freeholders, who shall be affirmed or sworn before proceeding to act, and they shall make a just and true valuation of said animal or animals to be so killed or slaughtered, and in valuing shall consider the health and condition of the animal when killed, and they shall make and deliver a written certificate, setting forth all the essential facts in the case to the lawful owner, who shall present the same for payment to the chairman of the county court of the county in which such animal or animals are so killed or slaughtered, and the same shall constitute a county charge, to be paid as other claims against the county, are."

Gillie Lewis was the owner of a mule which the inspector examined. Believing it to be infected with glanders, the inspector appointed three persons, in accordance with the section above quoted, to place a valuation upon the mule, before he caused it to be slaughtered. These commissioners valued the mule at $60, and made their

certificate accordingly. This certificate was presented to the quarterly county court on one of the regular days of the April term, 1905.

Instead of accepting the certificate as final evidence of a county charge, the county court instituted an inquiry within its own body, to ascertain the true value of the mule. After hearing the evidence it fixed the value at $25, and declined to pay any further sum.

Thereupon the county and Gillie Lewis made up an agreed case, embodying the foregoing facts and brought the matter before the chancery court of Shelby county for adjudication by proper legal proceedings.

The chancellor decreed that the valuation fixed by the commissioners under the act was conclusive, and could not be inquired into nor questioned. A judgment was thereupon rendered in favor of Gillie Lewis against the county for $60. From this judgment the county has appealed and assigned errors.

The only assignment we need consider raises the question as to whether the valuation fixed by the commissioners was final.

We are of the opinion that the inspector had, under the police power, the right to destroy the mule, and this could not be questioned in any subsequent proceeding. The proceedings, however, before the commissioners, instituted, for the purpose of fixing the value of the mule were judicial in their nature. The commissioners constituted one of the numerous inferior tribunals, created by the legislature from time to time, without the grant of a

Lewis v. Shelby Co.

right of appeal or writ of error to the parties concerned. The judgments of such tribunals may, however, still be reviewed. The proper practice in such a case is an application to the circuit court for a writ of certiorari. Either party dissatisfied may apply for this writ and have the question re-examined upon the merits in the circuit court. The scope of this writ, as applicable to inferior tribunals of the class referred to herein, will be found fully discussed in a case of *Staples* v. *Brown,* 113 Tenn., 639, 85 S. W., 254.

Neither party having obtained a review of the judgment of the commissioners, in the only manner open to them, it must be treated as final.

The action of the county court in attempting to fix for itself the value of the mule was beyond its jurisdiction.

The judgment of the chancery court will, therefore, on the grounds stated in this opinion, be affirmed.