Thomas v. State.

# H. L. Thomas v. The State.

## (*Knoxville.* September Term, 1916.)

1. **ANIMALS.** Constitutional law. Class legislaticn. Counties. Population. Stock Law.

Priv. Acts 1911, chapter 49, sections 1, 6, enacted to prevent live stock from running at large in counties having a population of not less than 13,500 and not over 13,640, according to the federal census of 1910, and to prevent the necessity of fencing land in counties affected, making the owner of such stock liable for all damages done to the property of other persons while running at large, giving them a lien on the stock doing the damage, and the right to impound it, and making any vidlation a misdemeanor punishable by fine, declaring that nothing therein should repeal the Railway Fence and Stock Law, was not partial or class legislation in violation of the Constitution, since the counties were properly subjected to the population classification basis. (*Post,* pp. 50-51.)

Acts cited and construed: Acts 1911, ch. 49, secs. 1, 6.

Cases cited and approved: Peterson v. State, 104 .Tenn., 127; Archibald v. Clark, 112 Tenn., 533; Murphy v. State, 114 Tenn., 531; Hall v. State, 124 Tenn., 235; Sutton v. State, 96 Tenn., 696; State v. Turnpike Co., 133 Tenn., 446; Fleming v. Memphis, 126 Tenn., 331; Malone v. Williams, 118 Tenn., 390.

2. **CONSTITUTIONAL LAW.** Class legislation. Presumption of reasonableness.

Such enactment, being under the police power of the State, was within the rule that, if any State of facts can be reasonably conceived that will sustain such a classification, it will be assumed to have existed when it was enacted. (*Post,* pp. 51, 52.)

Case cited and approved: Motlow v. State, 125 Tenn., 547.

3.  **STATUTES.  Title and subject matter.  Constitutional provisions.**

Such act did not violate Const. art. 2, section 17, providing that an act shall embrace but one subject expressed in the title, since the matters contained in sections 2-5, relating to liability for damages, to a lien and impounding, and to a fine on conviction, are merely incidental to the subject expressed in the title, and therefore fall within it. (*Post, p.* 52.)

Constitution cited and construed:   Art. 2, sec 17.

4.  **CRIMINAL LAW.  Judicial notice.  Population of county.**

In a prosecution under such statute, the court would take judicial notice that a county fell within the population limits fixed by the act. (*Post, p.* 52.)

Case cited and construed:   Ferguson v. Tyler, 134 Tenn., 577.

---

FROM LOUDON.

---

Error to the Circuit Court of Loudon County.— S. C. BROWN, Judge.

J. E. CASSADY, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General for the state.

MR. CHIEF JUSTICE NEIL delivered the opinion of the court.

The plaintiff in error was indicted and convicted of the violation of chapter 49 of the (so-called) Private Acts of 1911. He has appealed and assigned errors. The statute reads as follows:

Thomas v. State.

"An act entitled an act to prevent live stock from running at large in counties in this State having a population of not less than 13,500 and not over 13,640 according to the federal census of 1910 or according to any subsequent federal census, and to prevent the necessity of fencing lands in counties that are now affected by this act and that may hereafter be affected by it.

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that in all counties in this State having a population of not less than thirteen thousand, five hundred and not more than thirteen thousand, six hundred and forty according to the federal census of 1910 or according to any subsequent federal census it shall be unlawful for any owner of any horse, cow, sheep, goat, or hog or any other live stock knowingly to permit the same to run at large within the limits of such counties within this State.

"Section 2. Be it further enacted, that the owner of live stock mentioned or included in section 1 of this act shall be liable for all damages done to the property of other persons while any of said stock may be running at large in said counties.

"Section 3. Be it further enacted, that in addition to the owners' liability for the damage done by the live stock mentioned or included in section 1 of this act, the party damaged shall have a lien on the animals doing the damage, and may enforce said lien by attachment as landlord for rent.

136 Tenn.—4

"Section 4. Be it further enacted, that any person or persons upon whose lands such live stock shall be found running at large shall have the right to take up and confine them, giving same reasonably good food and attention, and shall be entitled to a reasonable compensation for same, and shall have and is hereby given a lien upon said stock for same.

"Section 5. Be it further enacted, that any person violating this act shall be guilty of a misdemeanor, and on conviction shall be fined not less than five nor more than fifteen dollars.

"Section 6. Be it further enacted, that nothing in this act shall operate to annul or repeal the railway fence and stock law.

"Section 7. Be it further enacted, that this act take effect, from and after its passage, the public welfare requiring it."

It is insisted that the act is unconstitutional for the reasons below stated.

1. It is contended that it is partial or class legislation in violation of the constitution. This contention is fully met and overthrown by the cases of *Peterson* v. *State,* 104 Tenn., 127, 56 S. W., 834; *Archibald* v. *Clark,* 112 Tenn., 533, 82 S. W., 310; *Murphy* v. *State,* 114 Tenn., 531, 86 S. W., 711; *Hall* v. *State,* 124 Tenn,. 235, 137 S. W., 500.

*Sutton* v. *State,* 96 Tenn., 696, 36 S. W., 697, 33 L. R. A., 589, is cited as an authority in opposition. This is a mistaken view. The legislation there considered was held unconstitutional, though rested on a popualtion basis, because the latter was confined merely

to the census of 1890, omitting a reference to any subsequent census that might be taken.

In this connection, we should state that we are also mindful of the very recent case of *State* v. *Turnpike Co.*, 133 Tenn., 446, 181 S. W., 682. The substance of that case is that the population basis cannot be used as a mask for the purpose of confining laws inherently general to a special county of the state, or for imposing restrictions likewise inherently general upon the property of citizens within a specal county. This aspect of the subject is further illustrated by the case of *Fleming* v. *Memphis*, 126 Tenn., 331, 148 S. W., 1057, 42 L. R. A. (N. S.), 493, Ann. Cas., 1913D, 1306. It was there held that a special municipal corporation could not be exonerated from its duty to respond in damages in an action of tort for negligence committed by it, leaving all other corporations of the same kind liable to such general law. Several illustrations of the same principle are found in *Malone* v. *Williams,* 118 Tenn., 390 (see pages 421, 424-437), 103 S. W., 798, 121 Am. St. Rep., 1002.

Laws of the kind of which the statute we have under examination is an instance as may be seen from the citations, supra, have already been held as properly subjected to the population classification  basis. Moreover, it may be further said that they belong to the police power of the state, and the rule in respect of such matters is that, if any state of facts can be reasonably conceived that would sustain such a classification, it will be assumed to have existed when

the law was enacted. *Motlow* v. *State,* 125 Tenn., 547, 145 S. W., 177.

2. It is urged that the act, is in violation of article 2, section 17; of the constitution, known as the two-subject clause. The objection pointed out is based on the matters contained in sections 2, 3, 4, and 5. These matters are merely incidental to the subject expressed in the title, and therefore fall within it. The point is fully covered by *Peterson* v. *State,* supra.

The point is made that there is no evidence in the record showing that Loudon county falls within the population limit, conditioned in the act. There was no need to introduce such evidence. The court will take judicial notice of such matters. 1 Jones on Evidence, section 128 A; 1 Elliott on Evidence, section 62; 16 Cyc., 870; and see *Ferguson* v. *Tyler*, 134 Tenn., 577, 580, 581, 183 S. W., 162.

Finally, it is insisted that the evidence preponderates against the verdict. On the contrary, we are of the opinion that the verdict is fully sustained by the evidence.

Let the judgment be affirmed.