Ed. D. Conners, Chief of Police, *v.* City of Knox-
ville.

(*Knoxville.* September Term, 1916.)

1. MUNICIPAL CORPORATIONS. Chief of police. Removal.
Proceedings.

Under the charter of the city of Knoxville, providing that officers
shall be subject to removal from office for misconduct or failure
to discharge the duties of the office, by a majority vote of the
commissioners, as a municipal tribunal must act with some
degree of conformity to the rule of the common law, the peti-
tioner, chief of police, was entitled to notice of time and place
of trial that he might be present in person and with witnesses,
and there must be a charge against him, stated with some cer-
tainty, before he can properly be removed from office. (*Post,*
*pp.* 431, 432.)

Case cited and distinguished: Hayden v. Memphis, 100 Tenn.,
582.

2. CERTIORARI. Nature and scope at common law.

*Certiorari* at common law lies to review and supervise the pro-
ceedings of inferior tribunals by a superior tribunal, but does
not take the place of appeal or writ of error, and brings up
the entire record to determine whether there has been an ab-
sence or excess of jurisdiction or a failure to proceed accord-
ing to the essential requirements of the law. (*Post, pp.* 432-434.)

Case cited and distinguished: Tennessee Railroad Co. v. Camp-
bell, 109 Tenn., 645.

Code cited construed: Secs. 4853, 4854 (S.).

Constitution cited and construed: Art. 6, sec. 10 (1870).

3. CERTIORARI. Existence of other remedy. Right of appeal.

Under Const. art. 6, sec. 10, providing that judges of inferior
courts of law and equity shall have power in all civil cases to
issue writs of *certiorari* on sufficient cause, Shannon's Code, sec.

Conners v. City of Knoxville.

4853, providing that *certiorari* may be granter whenever authorized by law, and in all cases where an inferior tribunal, etc., exercising judicial functions, has exceeded the jurisdiction conferred, or is acting illegally, when in the judgment of the court there is no other plain, speedy, or adequate remedy, and section 4854, providing that *certiorari* lies where no appeal is given, the existence of a right of appeal does not bar the issuance of common-law *certiorari* and the affirmative provision was not intended to work a change in the common-law function of the writ as a supervisory or superintending writ. (*Post, pp.* 432-434.)

4. **CERTIORARI. Scope. Availability in civil cases.**

The common-law writ of *certiorari*, although its earliest use was on the criminal side of the Court of Kings Bench, is a remedy in civil cases. (*Post, pp.* 432-434.)

5. **CERTIORARI. Scope. "Excess of jurisdiction." "Want of jurisdiction."**

Under Shannon's Code, sec. 4853, providing that a writ of *certiorari* may be granted where an inferior tribunal or officer, exercising judicial functions, has exceeded the jurisdiction conferred, or is acting illegally, although "excess of jurisdiction," as distinguished from absence of jurisdiction, means that an act, though within the general powers of the tribunal, is not authorized and invalid, because the conditions which alone authorize the exercise of the general power in respect of it are wanting, illegality of action and excess of jurisdiction being placed on the same plane, in neither event is the court deprived of its judgment in respect of the inadequacy of appeal as a mode of review, and of its right to issue common-law *certiorari*. (*Post, pp.* 434-439.)

Cases cited and approved: Duggan v. McKinney, 15 Tenn., 21; Memphis & C. R. v. Brannum, 96 Ala., 461; State ex rel. Vaughn v. Ashland, 71 Wis., 502; Rex v. Standard Hill, 4 Maule & S. 378; Abney v. Clark, 87 Iowa, 728; State v. City of Fond du Lac, 42 Wis., 295.

Conners v. City of Knoxville.

Cases cited and distinguished: Ex Parte Knight, 71 Tenn., 401; State ex rel. v. Guinotte, 156 Mo., 513; Houser v. McKennon, 60 Tenn., 287; Independent Pub. Co. v. Am. Press Association, 102 Ala., 475.

Code cited and construed: Sec. 4853 (S.).

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —Von A. Huffaker, Judge.

L. D. Smith, John W. Green and R. L. Cates, for petitioner.

J. Pike Powers, Jr., Chas. T. Cates, Jr., and W. T. Kennerly, for defendants.

Mr. Justice Williams delivered the opinion of the Court.

This action was begun in the circuit court by a petition for a writ of *certiorari*, seeking to review and to quash an order or decision passed in the form of a resolution by the board of commissioners as the governing body of the city of Knoxville, which order had the effect to oust or remove petitioner from the office of chief of police of that city.

The petition was dismissed on the ground that Conners' remedy was not by *certiorari,* but by appeal, and that no sufficient reason for failure to appeal was assigned in the petition.

This ruling was affirmed by the court of civil appeals, and the case is before this court for review.

It appears from the petition that on the 23d day of November, 1915, the board of commissioners, through a majority of the board, attempted to remove the petitioner from the office of chief of police by the adoption of a motion in the following words:

"I move that Ed. D. Conners be transferred from the office of chief of police to the office of market master and that the salary of market master be increased to ninety dollars per month and be so fixed in the budget, the welfare of the service requiring it."

The above order was passed without any notice having been given to Conners, without any charges having been preferred against him, and without any trial to ascertain whether cause for removal from office existed.

The charter of the city provides that officers such as he shall be subject to removal from office for misconduct or failure to discharge the duties of the office, by a majority vote of the board of commissioners.

There was much argument at the bar and in briefs respecting whether the city charter gives to a chief of police the right of appeal from a decision effecting his removal from office; but, in the view we take of the case, that contention becomes immaterial.

What is demandable by the official when it is sought to deprive him of his office is clearly indicated in *Hayden* v. *Memphis,* 100 Tenn., 582, 588, 47 S. W., 182, where it is held that the municipal tribunal must act with some degree of conformity to the rule of the common law.

"There must be notice given to the accused of the time when, and the place where, the trial body will meet, in order that he may be present in person, and with witnesses. . . . Then there must be a charge, or charges, against him, stated with substantial certainty."

In that case, the remedy of the aggrieved officer by *certiorari* was upheld, but the statute did not give a right of appeal in terms.

Does the common-law writ of *certiorari,* as distinguished from the statutory writ, depend for issuance on the grant or nongrant of the right to appeal?

"*Certiorari*" at common law performed the function of aid to a review and supervision of the proceedings of inferior boards and tribunals by a superior tribunal, not taking the place of appeal or writ of error, but bringing up the entire record in order to a determination whether there had been an absence or excess of jurisdiction, or a failure to proceed according to the essential requirements of the law.

By the Constitution of 1870, art. 6, section 10, following the earlier Constitutions, it is provided that

judges of inferior courts of law and equity shall have the power in all civil cases to issue writs of *certiorari* on sufficient cause.

By the Code it is provided (Shannon, section 4853, 4854) as follows:

"The writ of *certiorari* may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."

"*Certiorari* lies: (1) On suggestion of diminution; (2) where no appeal is given; (3) as a substitute for appeal; (4) instead of *audita querela;* (5) instead of writ of error."

The writ of *certiorari* was a remedy in civil cases at common law, the contention of the counsel of the city to the contrary notwithstanding. It may be true that its earliest use was on the crown, or criminal, side of the Court of King's Bench, but if so its use on the civil side later came into general use.

It was said by this court in *Tennessee Railroad Co.* v. *Campbell,* 109 Tenn., 645, 75 S. W., 1012:

"The writ of *certiorari* does not owe its existence to constitutional provision or statutory enactment. It is a common-law writ, of ancient origin, and one of the most valuable and efficient remedies which come to us with that admirable system of jurisprudence. This court . . . is not restricted from its use by section 10 of article 6 of the Constitution, providing

136 Tenn.—28

that the judges of inferior courts of law and equity shall have power to issue it in civil cases to remove them from any inferior jurisdiction into a court of law.  This provision was only intended as a guaranty of the continuance of a power with which these judges were already vested.".

Our statute was not intended to work a change in the common-law function of the writ, as a supervisory or "superintending writ," as it has been called.  The statute specifically and affirmatively provides that *certiorari* lies "where no appeal is given," but it does not stipulate that provision for an appeal shall, in all cases, be deemed an adequate remedy, binding or restraining "the judgment of the court" as to its being a speedy and adequate remedy in cases where an "inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally."

Counsel for the city argue the case as if the only test of the right to *certiorari* was that of a total lack of jurisdiction of the board of commissioners to try a case of removal.  This is incorrect; the writ may be granted where jurisdiction exists, actually or potentially, but where also: (a) There has been in fact an exercise of the judicial function in excess of jurisdiction; or (b) the board has acted illegally.

Peculiarly apt in respect to this situation is this quotation from 5 R. C. L. p. 252, sec. 4:

"It may be that illegality of action, where the court has jurisdiction, may sometimes be tested by

*certiorari*, and in such a case the want of a plain, speedy, and adequate remedy by appeal may be important. But where the action complained of is in excess of jurisdiction of the court, it is doubtful whether the remedy by appeal is ever adequate.''

By our statute illegality of action and excess of jurisdiction appear to be placed on the same plane.

In neither event is the court deprived of its judgment in respect of the inadequacy of appeal as a mode of relief and of its right to issue common-law *certiorari*. On the contrary, the legislature in the statute left the court to judge of that matter, and the fact of the existence of a right of appeal was not undertaken to be imposed as a statutory bar in such a case to the exercise of that judgment in respect of the issuance of a common-law writ of *certiorari*.

We, need not, therefore, determine whether, under the constitutional provision for the court's grant of the writ in civil cases of the character here involved, it would be competent to the legislature to limit the judgment of the court as to the remedial adequacy of, and impose on it the remedy by, appeal as the sole one. The legislature has not attempted to do so. See, in this connection, *Duggan* v. *McKinney*, 7 Yerg. (15 Tenn.), 21, and cases cited in note 50 L. R. A., 798, and note 51 L. R. A., 111.

''Excess of jurisdiction,'' as set forth in the statute, as distinguished from absence of jurisdiction, means that an act, though within the general powers of the tribunal or board, is not authorized, and in-

valid with respect to the particular proceeding, because the conditions which alone authorize the exercise of the general power in respect of it are wanting. 2 Words and Phrases (Second Series), 369.

But if we treat the case as one in which there was absence of jurisdiction, and the order of the board as void on that account, the result would be the same.

In *Ex parte Knight*, 3 Lea (71 Tenn.), 401, Judge McFarland expressed the view:

"If, however, an attempt should be made to remove an officer without authority or color of law, that is, if the judge so far depart from the mode pointed out by the statute as to render his action void, then, according to the case of *Wade* v. *Murry*, 2 Sneed, 50, the remedy would be by *certiorari* to quash the proceeding in the circuit court, that court having this jurisdiction, by virtue of its general revisory powers, over inferior tribunals."

The case of the *State ex rel.* v. *Guinotte*, 156 Mo., 513, 57 S. W., 281, 50 L. R. A., 787, is in point. With respect to the question as to whether *certiorari* will lie where an appeal might have been prosecuted, the court said:

"The statement that *certiorari* will not issue where either appeal or error goes, though frequently met with in text-writers, and in some reports, is neither strictly true nor accurate. There are marked exceptions. Thus, where the exigencies of the case are such that the ordinary methods of appeal or error may not

prove adequate, either in point of promptness or completeness, so that a partial or total failure of justice may result, then *certiorari* may issue.  Harris Certiorari, sec. 54.  The rule that appeal or writ of error existing bars *certiorari* is subject to the qualification that such other means of redress, in order to form a bar, should be adequate to meet the necessities of the case.  Thus the right of appeal, while generally held an adequate means of correcting mere errors committed in the exercise  of jurisdiction, may prove inadequate to redress or prevent a wrong done in the absence or excess of jurisdiction.  2 Spelling, Extraordinary Relief, secs. 1918, 1963; *Memphis & C. R. Co.* v. *Brannum,* 96 Ala., 461, 11 South., 468; *State ex rel. Vaughn* v. *Ashland,* 71 Wis., 502, 37 N. W., 809; *Rex* v. *Standard Hill,* 4 Maule & S., 378.''

See, also, annotation of the above case 50 L. R. A., 787 *et seq.*

Our case of *Houser* v. *McKennon,* 1 Baxt. (60 Tenn.), 287, is to the same effect, in its holding that though the judgment of a justice of the peace be absolutely void because for a sum above his jurisdiction, it may be reviewed on *certiorari,* notwithstanding a failure to appeal.  The court said:

''The defendant does not lose his right to contest it by failing to appeal; having no validity, because of want of jurisdiction, the defendant may bring it into the circuit court to have the proceedings quashed, without giving a reason for having failed to appeal.''

In 5 R. C. L., 257, it is said:

"And where the inferior court is guilty of proceeding in the absence, excess, or usurpation of jurisdiction, *certiorari* may be resorted to for the purpose of keeping that court within its proper bounds. There are many authorities which hold that is is the inadequacy, and not the mere absence, of all other legal remedies, and the danger of a failure of justice without it, that must usually determine the propriety of this writ."

*Certiorari* of the character indicated, as contra-distinguished from statutory *certiorari,* was awardable in this case to remove the proceeding from the inferior board for the purpose of revision, not for a trial *de novo,* but for review of the record to be certified from the inferior tribunal, and for judgment of quashal or affirmance.

If it be conceded that Conners was not entitled to the common-law writ, we have presented a case of patent hardship on him, if it be conceded also that the action of the board of commissioners was void. An appeal with a consequent trial *de novo* would deprive him of his right to have notice, and a trial before the board in respect to the existence of cause under charges preferred before that tribunal. He might have demonstrated there that no cause for removal existed. Let us assume that an appeal would have availed to give him one trial in the circuit court. He was entitled to two. And what, on appeal, of his right to notice in advance of any hearing; and

who in the circuit court is to formulate the charges against him for the first time?

As was said by the supreme court of Alabama in *Independent Publishing Co.* v. *American Press Association,* 102 Ala., 475, 493, 15 South., 947, 953:

"For the defect in the record, at common law, the petitioner had the right to have the judgment of the supervisory court, quashing the judgment of the lower court. He was not required to resort to any supposed remedy, the result of which necessarily destroyed this legal right. The common-law writ of *certiorari* was the only remedy left to him, by which the defect in the judgment could be reached, and a judgment quashing it could be rendered. If he resorted to an appeal he made himself a party, brought himself into court, . . . must then submit to a trial *de novo,* without having a judgment, void for want of legal notice, quashed."

See, also, *Abney* v. *Clark,* 87 Iowa, 728, 55 N. W., 6; *State* v. *City of Fond du Lac,* 42 Wis., 295; 1 Bailey on Habeas Corpus and Certiorari, 653 *et seq.*

We hold, therefore, that the circuit judge and the court of civil appeals were in error in holding that *certiorari* was not awardable, and in not quashing the proceeding in the board of commissioners as being in excess of jurisdiction, illegal, and void, if the same shall appear to be as Conners states in his petition.

Reversed, and remanded to the circuit court, with direction that the writ be issued, so that a judgment may be rendered in accord with what is herein held.