## MAYOR AND BOARD OF COMMISSIONERS OF THE CITY OF MEMPHIS v. W. H. CROOM.

Western Section.   June 20, 1925.

Certiorari denied by Supreme Court December 12, 1925.

1. **Certiorari.** Circuit court has power to compel, by certiorari, the production by a city council of the record of the proceedings removing one of its officers.

In an action by a police sergeant to have the records of the city council in regard to his trial and dismissal certified to the circuit court for review, held the circuit court has the power, in the absence of any statutory right of appeal, to compel, by certiorari, upon petition showing good cause, the production by a city council of the record of the proceedings removing one of its officers, and to determine thereon whether that body has proceeded illegally, and for sufficient cause appearing therein to quash their judgment of removal.

2. **Municipal corporations. Officers.** An officer cannot be tried on one charge and dismissed from office for some other offense not contained in the charge.

Where a police sergeant was charged with acts unbecoming an officer and upon trial the commission found there was not evidence to constitute

sufficient cause for dismissal, but dismissed him for other reasons, held to be denial of the inherent and fundamental right to be heard on crime charged and the order of dismissal should be quashed.

3. Municipal corporations.    Evidence held not sufficient for dismissal of police sergeant for unbecoming conduct.
    In an action to discharge a police sergeant for acts unbecoming an officer evidence, held not to sustain the charge.

Appeal in Error from Circuit Court, Shelby County; Hon. A. B. Pittman, Judge.
Affirmed.
E. B. Klewer, of Memphis, for plaintiff in error.
G. T. Fitzhugh, of Memphis, for defendant in error.

OWEN, J.   The city of Memphis and its commissioners have appealed from a judgment rendered in the circuit court of Shelby county, sustaining the petitioner W. H. Croom's petition for certiorari.

Hereafter, in this opinion, W. H. Croom will be referred to as petitioner and the city of Memphis and its mayor and commissioners as respondents.

On August 18, 1923, the petitioner, W. H. Croom, filed a petition against Rowlett Paine, Mayor of Memphis, Thos. H. Allen, H. N. Howe, C. R. Shannon and Horace Johnson, Commissioners of said city.   Petitioner alleged that he was a resident of the city of Memphis, and that the defendant city was a municipal corporation under the laws of Tennessee, and the other defendants constitute the mayor and board of commissioners of said city, vested with the governing power thereof.   Petitioner alleged that he was a sergeant in the Police Department of the city of Memphis, for a number of years.   On the 5th day of July, 1923, J. H. Burney, Chief of Police wrote a letter to Capt. W. D. Lee of the Police Department of said city, asking that petitioner be suspended, on charges of conduct unbecoming an officer, which charges had been preferred by a citizen named Alfred Filley.   It appears that on the 10th of July petitioner appeared before a trial board of the police department and the trial board reported to their superior officer Thomas H. Allen, Commissioner, as follows:
"Honorable Thomas H. Allen, Co.
Building.
Dear Sir:
"Remembering that a Police Officer should always be polite and courteous to the public and after hearing the evidence produced on both sides (Sergeant Crooms witnesses all testify differently) and wanting to keep our department on the highest plane possible, we the undersigned, appointed as a Trial Board to sit in the case

of Sergeant W. H. Croom recommend the dismissal of Sergeant Croom for conduct unbecoming an officer for the good of the department.

"Very respectfully,
"W. D. Lee, Captain,
"W. J. Herrington, Lieut.
"E. A. Oliver, Lieut."

That Thos. H. Allen, Commissioner of Fire and Police, made the following report: "The evidence in this case would not of itself constitute sufficient reason for dismissal, but in view of the officer's poor performance in his every day duties, his record for insubordination and poor conduct in his office, the findings of the Board are approved.

"Thos. H. Allen, Commissioner of Fire & Police."

Petitioner appealed from the decision of Commissioner Allen to the board of commissioners of said city, and moved that the entire matter be remanded to the Police Trial Board for the reason that the Commissioner of Fire and Police Department showed that the petitioner was not removed from the office for the charge filed against him but upon another and different charge entirely.

The commissioners entertained an appeal, and rendered an order, approving the action of Commissioner Allen and dismissed petitioner from the service. Petitioner alleged that there was no justification of any kind for removing him from the office; that the action was wholly unjustified, without excuse and was based upon no valid or sufficient reason. There was a proper prayer to the petition, and the same being submitted to Judge F. M. Guthrie, Probate Judge of Shelby county, he granted a fiat directing the clerk to issue the writ prayed for, upon petitioner giving bond. This order was complied with. The defendants seasonably filed a motion to dismiss the petition for certiorari filed by petitioner, alleging that all of the acts that had been done with reference to the trial and dismissal of Sergeant Croom, the petitioner, were regular in all respects, and in strict accordance with the provisions of chapter 59 of the Private Acts of 1921, and that certiorari did not lie to review the action of the defendants; that the action of the city through its commissioner was final and conclusive in all respects. This motion was overruled. Later, the defendants filed an answer and in the answer they insisted that the petitioner was rightly discharged and dismissed from the Police force and that the acts of the city commissioners in holding that petitioner was guilty of conduct unbecoming an officer was not a judical question and that the circuit court had no facilities for investigating charges of this character, and the answer also insisted that the action of the board of commissioners in regard to dismissing Sergeant Croom were made

exhibits to the pleadings read to the trial judge, and the same came on finally to be heard upon the petition for certiorari, the writ of certiorari, the answer of the defendants to the petition and upon the entire record of the cause, including the transcript of the proceedings before the trial board of the Police Department, and the finding and judgment of the Commissioner of Fire and Police thereon; that the evidence adduced was insufficient to authorize a dismissal on the specific charges preferred against petitioner, but approving and ordering his dismissal on grounds other than those embraced in the charges on which he was tried; and on the record of the proceedings on appeal before the board of commissioners of the city of Memphis on the 17th day of July, 1923, as shown by minute entry in Book H page 524 and the final order of said board of commissioners made August 7, 1923, as shown in minute entry in Book H. page 541 affirming and ratifying in all respects the action, finding and judgment of the Commissioner of Fire and Police Department, approving the dismissal and in dismissing and discharging the petitioner W. H. Croom as a Sergeant of Police and as a member of the police department of the city of Memphis. From all of which it appears to the court and it doth accordingly so find, adjudge and decree that the said finding, order and judgment of the Commissioner of Fire and Police and the said action, order and judgment of the board of commissioners in affirming and ratifying in all respects the said finding, order and judgment of dismissal of petitioner were illegal and void, in that the petitioner W. H. Croom was specifically charged with and tried for a particular offense set out in writing but was found guilty and dismissed for another and different offense or offenses and therefore all of said orders and judgments of dismissal discharging the petitioner, should be quashed.''

Thereupon the court proceeded to quash the proceedings because the same were illegal, null and void. Defendants were taxed with the costs. The defendants seasonably filed a motion for a new trial, containing six grounds. This motion was overruled and disallowed, exception was duly made, and defendants prayed and were granted an appeal to this court, perfected the same, and the cause was argued at the last term of this court, but not disposed of on account of crowded docket. It has again been ably argued at this special term by learned counsel both for the defendants and the petitioner. Able briefs have been presented by both sides to this litigation. The defendant has assigned fourteen errors in this court. They cover six pages of appellants brief. We will not set the assignments out in full for many of them are a repetition of various propositions raised, and all of the assignments raise but four propositions, and are as follows:

First: The action of the board of commissioners in dismissing Sergeant Croom was final, and not subject to review in the circuit court by certiorari. Assignment 1.

Second: Even if the determination of the board was reviewable by certiorari, the petition on its face was insufficient to warrant the issuance of the writ, it disclosing on its face that the board had jurisdiction and had proceeded legally in substantial compliance with the act; and that all proceedings had been in substantial compliance with the act. Assignments 1, 4, 5, 6, 7, 9 and 13.

Third: The proper construction of Commissioner Allen's endorsement on the findings of the Trial Board was that he approved their finding of guilty, which satisfied the mandate of the statute, and that the other reasons given by him for discharge were reasons why, in the exercise of his discretion, he deemed discharge from service a proper judgment. Assignments 3, 4, 8, 10, 11, 12, 14.

Fourth: Upon the whole record it is apparent that Sergeant Croom obtained substantial justice. He was advised of the charges in writing; he was present at the hearing in person and with witnesses; was granted an appeal, and was given a fair trial before the board of commissioners; and the statute was in all respects substantially complied with. Assignments 7 and 8.

Learned counsel for the defendants cite in support of their first proposition Wade v. Murry, 2 Head, 49, and Tomlinson v. Board of Equalization, 88 Tenn., 1.

We have examined these authorities and we are of opinion that the circuit court had jurisdiction to entertain the petition. In the case of Hayden v. Memphis, 100 Tenn., 582, it was held that the circuit court has the power, in the absence of any statutory right of appeal, to compel, by certiorari, upon petition showing good cause, the production by a city council of the record of the proceedings removing one of its officers, and to determine thereon whether that body has proceeded illegally, and for sufficient cause appearing therein to quash their judgment of removal.

In the case of Conners v. City of Knoxville, 136 Tenn., 438, it was held that certiorari at common law lies to review and supervise the proceedings of inferior tribunals to a superior tribunal, but does not take the place of appeal or writ of error, and brings up the entire record to determine whether there has been an absence or excess of jurisdiction on a failure to proceed according to the essential requirements of the law.

Mr. Justice Williams, in delivering the opinion of the Supreme Court in the case of Conners v. City of Knoxville, supra, and in announcing the proposition we have just quoted, cites many authorities, and gives a very able and learned opinion. Conners was the Chief of Police of the city of Knoxville, and the board of com-

missioners attempted to remove Conners from the office of Chief of Police. Their action was reversed by the Supreme Court.

We find further that the petitioner was tried on one charge and dismissed from office for some other offense not contained in the charge preferred. Such an act is a denial of an inherent fundamental right. Hayden v. Memphis, supra. "This jurisdiction of the circuit court to supervise and review upon the merits the proceedings of all inferior jurisdictions, especially those proceedings not according to the course of the common law, by certiorari and supersedeas, where no appeal is allowed or writ of error will lie has been recognized and exercised from the earliest days of our judicial history, and now too firmly established by constitutional provision, statutory enactment, and judicial decision to be a subject of controversy," Staples v. Brown, 113 Tenn., 646.

An office is a species of property and a public officer, as a Sergeant of Police, whose tenure is during good behavior or who can only be removed for cause, cannot be unjustly or illegally deprived of his office by an inferior tribunal such as a city council or board of commissioners and denied the right to have the action of such tribunal reviewed and revised by the circuit court by certiorari, notwithstanding the statute may declare that such action of the council or commissioners is final. Malone v. Williams, 118 Tenn., 461, 476.

"Although the granting of the writ of certiorari rests in the discretion of the court, yet, after the writ has been granted, and the record certified in obedience to it, the questions arising upon that record must be determined according to fixed rules of law, and their determination is reviewable on error." City of Knoxville v. Connors, 136 Tenn., 50.

We are of opinion that the writ for certiorari was properly issued in the instant case. It is insisted by the fourth proposition. upon the whole record Sergeant Croom obtained substantial justice. In reply to this proposition we will state briefly some of the material facts developed in the trial of Sergeant Croom. It appears that the Sergeant had been a policeman for some ten years in the city of Memphis. On the 3rd of July, 1923, he was dressed in citizens clothes and on a street car going east on Poplar Avenue. Croom discovered two young men in an automobile that drove in front of the street car and by their negligent driving a wreck was barely averted. The street car was suddenly stopped, Croom was standing on the left side of the motorman. The car was going east. One Mr. Felley was on the right side of the motorman and next to the door of the street car, the place for ingress and egress. Croom undertook to pass Felley hurriedly to get out of the street car and to apprehend the two young men who had driven in front of the street car. Croom thought that the young men in the auto-

mobile were drinking. Felley refused to let Croom pass and told him (Croom) that he couldn't get off until after he (Felley) got off. Thereupon Croom told Felley that he was an officer and that it was urgent for him to hasten off of the car. Felley says Croom laid hands upon him and shoved him with force against an iron prop; that he (Felley) would have fallen had it not been for this iron prop. Felley, however, said that if he had known that his making charges against the police officer would have resulted in his dismissal he would "have kept his mouth shut;" that he did not consider the officers offense against him serious enough to have warranted his discharge. Croom denied pushing Felley or in the least manner being abrupt to Felley. He states that he did push by Felley to get out hurriedly as he thought that the two young men in the automobile that had almost had a wreck with the street car would escape.

Mrs. J. P. Ward testified before the Fire and Police Commissioner she was connected with the credit department of Bry's Store and it appears that her husband holds an important position with the wholesale firm of Curry-McGraw Company. Mrs. Ward got off of the car at the same time that Croom and Felley alighted. We quote from her testimony, as follows: "I was on the street car, it was July 3d, about 6 o'clock I caught the Binghampton car. As we got to Manassas Street, an automobile ran in front of the street car and another car came up behind it and they almost had a wreck. Sergeant Croom and this other man (I do not know his name), were both going to get off the car. This man wanted out first. When Sergeant Croom tried to get out this man blocked the way and Sergeant Croom asked him twice to let him out and the second time he asked him he just pushed by him. If there was any disorderly conduct on the car I failed to see it. Q. Did you hear Sergeant Croom tell him that he was an officer? A. Yes, sir, I heard him tell him he was a policeman and wanted to get out. Q. Was that before or after he asked him twice to let him out that he told this man that he was a police officer? A. That was the second time. After asking him twice to let him out he told this man he was a police officer. Q. Then he told him, after asking him twice, that he was a policeman? A. Yes, sir. Q. Did you see Sergeant Croom put his hands on him or pull him around or shove him. A. No, sir, I did not see him do anything like that he just walked around him. Q. About how many people were standing on this front platform that you would probably notice in getting off? A. We were the only three getting off. Q. I know but did you notice any one standing on the front platform when you were getting off the car? A. No sir, I didn't notice anybody. Q. About how many people were standing up on this street car? A.

There wasn't any." . . . "Q. Now, Mrs. Ward, did you go on after you got off the car or wait and go home with Sergeant Croom? A. Sergeant Croom went back there to talk to the boy that almost had the accident and I went on behind this fellow (Mr. Felley) and he (Mr. Felley) kept looking back to where Sergeant Croom was standing. Q. Did you see this near accident yourself? A. Yes, sir. Q. How did it happen? A. Well, the car was going down Manassas and the other car was going out Poplar and the car from Manassas cut in front of the street car and like to run into the street car. Q. Did the street car come to a sudden stop? A. Yes, sir, he had to put on the brake. Q. Did the automobile then pass the street car? A. I do not know whether it did, or not, I don't believe it did."

J. J. Regon, the motorman operating the car on which Croom and Felley were riding testified that Croom did no act of misconduct and showed no discourtesy towards Felley at the time he alighted; that he had to make the second request to pass Felley and told Felley he was a policeman. This occurred about 6:15 P. M., and it appears that the young men who were thought to be drinking and did the reckless driving stated that the sun was shining in their eyes when they came into Poplar Street, and they were blinded and didn't see the street car. No arrests were made. This incident was the basis of Mr. Felley's charges. The Commissioner of the Fire and Police Department was of the opinion that they were not sufficient to dismiss Sergeant Croom, but he proceeded to dismiss him on other grounds, and on which grounds no charges had ever been formulated against Sergeant Croom. He had never been called upon to answer or defend himself and he had never been given a hearing on the charges for which he was dismissed. In other words, he had never had his day in court, on the charges of which he was found guilty.

We have considered all of the assignments of error, and all the propositions advanced by the appellants, and we are of the opinion that there is no error in the judgment of the lower court and it is affirmed.

The assignments of error are overruled and disallowed. The appellants and their surety on appeal bond will pay the costs of the appeal. The costs of the lower court will be paid by the defendants, for which execution will issue accordingly.

Heiskell and Clark, JJ., concur.