CITY OF NASHVILLE *v.* JOHN B. MARTIN.*

(*Nashville.* December Term, 1927.)

Opinion filed February 18, 1928.

1. CONSTITUTIONAL RIGHTS.   COURTS.   CERTIORARI AND SUPERSEDEAS.

The circuit court has a general appellate and revisory jurisdiction over all inferior tribunals created by the Legislature and vested with judicial powers, which it may exercise by **certiorari** and **supersedeas** where no appeal or writ of error will lie for the correction of their judgments, not only when they have exceeded their jurisdiction or are acting irregularly, but for errors of fact or law committed by them.   (Post, p. 447.)

Citing: Staples v. Brown, 113 Tenn. (5 Cates), 639; Connors v. Knoxville, 136 Tenn. (9 Thomp.), 428, and 139 Tenn., page 45.

2. CONSTITUTION. CONSTRUCTION. INFERIOR TRIBUNALS.

Inferior tribunals, such as Boards and Commissions, are not courts within the meaning of our Constitution, and their judgment cannot be made final and conclusive of the rights of litigants.   (Post, p. 448.)

Citing: Article 1, sec. 17, Constitution of Tennessee; Staples v. Brown, 113 Tenn. (5 Cates), 639.

3. CERTIORARI.   JUSTICIABLE CONTROVERSY.

A citizen petitioning for writ of **certiorari** must have sustained a legal injury or damage and his petition must present a justiciable controversy—a controversy "liable to trial in a court of justice."   (Post, p. 448.)

4. CIVIL SERVICE COMMISSION.   QUESTION OF FACT.   JUSTICIABLE CONTROVERSY.

A petition seeking to re-open in the circuit court a question of fact, petitioner's guilt or innocence of charges preferred against him

before a Civil Service Board do not present a justiciable controversy to that court, the Act creating the said Board making final its judgment on all questions of fact on the trial of the charges preferred against the petitioner. (Post, p. 448.)

Citing: Private Acts 1923, ch. 125, sec. 49.

5. CIVIL SERVICE BOARD. LEGISLATIVE INTENT. CONSTITUTIONAL LIMITATION.

In the creation of the Civil Service Board of the city of Nashville the Legislature attempted to take from courts the power to review the acts of said Board by petition for **certiorari**, and in this effort the Legislature was well within constitutional limitation. (Post, p. 449.)

Citing: Private Acts 1923, ch. 125, sec. 49.

6. CONSTITUTION. LEGISLATIVE AUTHORITY. PUBLIC EMPLOYEES.

The Legislature may freely prescribe the terms and conditions upon which employees of the State, or of the municipalities of the State should work, unhampered by the State Constitution or the Federal Constitution. (Post, p. 449.)

Citing: Sec. 8, Article 1, Constitution of Tennessee; Fourteenth Amendment to the Federal Constitution; Scopes v. State, 154 Tenn. (1 Smith), 105.

7. PUBLIC EMPLOYEES. CONDITIONS OF EMPLOYMENT.

Since the Legislature in passing the Act incorporating the City of Nashville might have enacted that they should have a fixed term, or that they should serve subject to the pleasure of the Mayor or of the Civil Service and Pension Board, it was equally permissible for the Legislature to declare that such police officers should serve subject to a trial by the Civil Service and Pension Board upon the conditions set out in the Act, and a policeman so employed has no remedy against said legislation which he can call upon the courts to enforce under the Constitution. (Post p. 449.)

Citing: Constitution of Tennessee, Sec. 17, Art. 1.

*Headnote 4. Constitutional Law, 12 C. J., section 989.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County.—
HON. A. G. RUTHERFORD, Judge.

J. CARLTON LOSER, NORMAN R. MINICK, J. WASHINGTON
MOORE and CHARLES GILBERT, for plaintiff in error.

WM. M. GREEN and JOHN B. KEEBLE, JR., for defendant
in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

Martin was a member of the police force of Nashville
and was tried upon charges, preferred by the Chief of
Police, before the Civil Service and Pension Board of
the City. He was found guilty of the charges by the
Board and dismissed.

He thereupon filed a petition for *certiorari* in the Cir-
cuit Court of Davidson County to review the action of
the Civil Service Board. Over exception by attorneys
for the City the writ of *certiorari* was granted by the
Circuit Judge and a trial *de novo,* upon the charges pre-
ferred against Martin was had before the Court and a
jury. The jury found a verdict in favor of Martin and
a judgment was entered in the Circuit Court directing
that the charges brought against him be dismissed. A
motion for a new trial was made and overruled and the
City thereupon appealed in error to the Court of Ap-
peals. Upon the theory that a constitutional question was
involved the Court of Appeals transferred the case to
this Court where it has been presented with some elabo-
ration.

Upon the hearing in the Circuit Court, counsel for
Martin conceded the legality of the trial before the Civil
Service and Pension Board and conceded the jurisdic-

tion of that tribunal to hear and determine the issues submitted. Counsel also conceded that there was evidence to sustain the findings and order of the Civil Service Board, and added, ". . . we brought this case up here because we think it was erroneously decided on questions of fact; that is what we want to try out in this Court." And again, ". . . we are making no question of the fact that they had evidence down there before the Civil Service Commission; every body knows they had evidence down there; we say they reached the wrong conclusion from the evidence."

The charges preferred against Martin, upon which, after notice to him, proof was introduced and a full hearing had before the Civil Service Board, and of which he was found guilty, were drunkenness, neglect of duty, and conduct unbecoming an officer. It is not suggested that any of these were frivolous charges.

The question, therefore, presented in this Court is whether the findings of the Civil Service and Pension Board upon controverted issues of fact in a case like this may be tried *de novo* in the Circuit Court before the Court and a jury.

The present charter of the City of Nashville is contained in Chapter 125 of the Private Acts of 1923. Section 49 of that Act creates a Civil Service and Pension Board to consist of five members, provides for the selection of its members and fixes their terms. It is made the duty of the Board to ordain rules and regulations for the government of the members of the Police Department and of the Fire Department and other Civil Service employees of the City. The Board is given authority to punish by dismissal from office all such employees for offenses committed by them. It is, however, provided

that such employees shall not be punished "except after a trial and conviction by said Civil Service and Pension Board upon a written charge or charges, and a copy of said charges shall be furnished the accused at least five (5) days prior to such trial." Following this are other provisions with reference to procedure before the Civil Service Board, not material in this inquiry, and it is then enacted:

"The judgment and findings of the Civil Service and Pension Board on all questions of fact in the trial of charges preferred against Civil Service employees under the provisions of this Act shall be final, and subject to review only for illegality or want of jurisdiction."

The argument made to sustain the proceedings had in the Circuit Court is that the *certiorari* awarded in this case was the statutory writ, under which it is said a trial *de novo* was proper, *Staples* v. *Brown,* 113 Tenn., 639, and not the common-law writ of *certiorari,* under which the only matters of inquiry would be whether the Civil Service Board exceeded its jurisdiction or acted irregularly. *Conners* v. *Knoxville,* 136 Tenn., 428; 139 Tenn., 45.

*(1)* Referring to the statutory writ of *certiorari,* in *Staples* v. *Brown, supra,* this Court said:

"There is, then, no doubt but that the circuit court has a general appellate and revisory jurisdiction over all inferior tribunals created by the Legislature and vested with judicial powers, which it may exercise by *certiorari* and *supersedeas* where no appeal or writ of error will lie, for the correction of their judgments, not only when they have exceeded their jurisdiction or are acting irregularly, but for errors of fact or law committed by them."

*(2)* As a reason for the conclusion reached in *Staples* v. *Brown,* the Court called attention to Article 1, Section 17 of the Constitution, providing that all courts should be open, and every man having an injury done him in his lands, goods, person, or reputation should have remedy by due course of law, and right and justice administered without sale, denial or delay.

The Court said that the obvious meaning of this section of the Constitution was that there should be established courts proceeding according to the course of the common law, or some system of well-established judicature, to which all citizens of the State might resort for the enforcement of rights denied, or redress of wrongs done them. It was added that inferior tribunals, such as Boards and Commissions, were not courts within the meaning of Article 1, Section 17 of the Constitution, and their judgments could not be made final and conclusive of the rights of litigants; that every one was entitled to his day in Court. *Staples* v. *Brown, supra,* reviewed all our earlier cases and has been repeatedly followed in subsequent decisions.

*(3)* It was of course assumed in *Staples* v. *Brown,* laying down the principles just stated, that the citizen petitioning for the writ of *certiorari* had sustained legal injury or damage, that his petition presented a justiciable controversy—a controversy ''liable to trial in a court of justice.''

*(4)* The petitioner in this case seeking to re-open in the Circuit Court this question of fact, his guilt or innocence of the charges preferred against him before the Civil Service Board, did not present a justiciable controversy to that Court. For by the Act of the Legislature the judgment of the Civil Service Board on all questions of fact on the trial of the charges preferred against

him was made final. *(5)* The Legislature undoubtedly attempted to take away from the Courts the power to consider the questions raised on the petition for *certiorari*, and in this effort we think the Legislature was well within constitutional limitations.

*(6)* In *Scopes* v. *The State,* 154 Tenn., 105, it was shown that the Legislature might freely prescribe the terms and conditions upon which employees of the State or of the municipalities of the State should work, unhampered by Section 8 of Article 1, of the Tennessee Constitution and the Fourteenth Amendment to the Federal Constitution. From this portion of my opinion there was no dissent. Under the authorities reviewed in that case, it is competent for the Legislature to provide for the character of State employees, the things they shall do, their hours of labor, and it of course follows that the Legislature can stipulate the terms or periods of employment.

*(7)* As to the police officers of the City of Nashville, the Legislature might have enacted that they should have a fixed term, or that they should serve subject to the pleasure of the Mayor or of the Civil Service and Pension Board. It was equally permissible for the Legislature to declare that such police officers should serve subject to a trial by the Civil Service and Pension Board upon the conditions set out in the Act. Such conditions infringed no rights of these employees under Section 8 of Article 1 of the Tennessee Constitution, nor under the Fourteenth Amendment to the Constitution of the United States. No one has a constitutional right to be employed by a municipality except upon terms prescribed by law. Having no rights under Section 8 of Article 1 of the Tennessee Constitution nor under the Fourteenth

156 Tenn.—29.

Amendment to the Federal Constitution, which the criticised legislation transgressed, this police officer has no remedy against said legislation which he can call upon the courts to enforce under Section 17 of Article 1 of the Constitution. A limitation was imposed upon his service on the police force of Nashville by a law which he has no standing to question. He served subject to trial on charges preferred against him before the Civil Service and Pension Board and the judgment and findings of that Board were made final on questions of fact.

It is again to be noted that the charges against this officer were of a serious nature, that there was evidence before the Civil Service and Pension Board to sustain these charges and that said Board had jurisdiction of the matter and proceeded therein regularly after notice. In such a case for the reasons stated, we see no constitutional objection to a legislative declaration that the judgment and findings of such a Board on questions of fact shall be conclusive and not subject to review in the courts, and the things mentioned distinguish the case from those relied on by petitioner.

The judgment of the Circuit Court must accordingly be reversed and the petition for *certiorari* dismissed.