L. P. Taylor *v.* City of Memphis.

*(Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

640

HARRY SPEARS, W. H. BORSJE and FRANK BERRY, for plaintiff in error.

A. L. HEISKELL, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Taylor was found guilty of conduct unbecoming an officer by the Board of City Commissioners and discharged from the police force. He duly filed a petition in the circuit court for writ of *certiorari,* to review and reverse the action of the Commissioners, which was dismissed upon motion because it stated no ground for relief. The case is before us upon appeal. Taylor was tried in conformity with chapter 69, section 7, Private Acts of 1921, which provides that the conclusion reached by the City Commissioners shall be final.

Upon authority of *City of Nashville* v. *Martin,* 156 Tenn., 443, we hold that the case cannot be reviewed in the courts upon its merits. The Commissioners are the final arbiters as to whether petitioner is guilty of conduct unbecoming an officer. According to the allegations of the petition Taylor was detected in a cell in the female ward of the county jail seated beside a female prisoner on a cot, her arms being around him. He undertook to explain this embarrassing situation, but was unable to

do so to the satisfaction of either the Trial Board, the Police Commissioner, or the City Board of Commissioners. Certainly an official is guilty of unbecoming conduct when he enters the cell of a female prisoner and is caught taking liberties with her. This was a question of fact which the court cannot review, but which is concluded by the finding of the Commissioners.

■ The petitioner complains of an irregularity in the proceeding, in that it alleged that the Trial Board failed to certify a transcript of the testimony introduced before it to the Commissioner of Police. The petition is silent as to the form of the testimony reviewed by the Commissioner of Police, and does not allege that he reviewed the case on other testimony than that introduced before the Trial Board, or that petitioner was in any way prejudiced by this irregularity. It does not appear that any complaint as to this was made before the Board of Commissioners. On the other hand, it is alleged that both the city and the petitioner introduced all of their evidence before the Commissioners, so that petitioner had a full and fair hearing before the Board, who has the final say in the matter. Petitioner having proceeded with a hearing upon the merits before the Commissioners without any complaint as to prior procedure, will be held to have waived the irregularity now complained of.

There is no merit in the petition, and the judgment of the circuit court will be affirmed.