ANDERSON *et al. v.* CITY OF MEMPHIS.

(*Nashville,* December Term, 1933.)

Opinion filed June 23, 1934.

ANDERSON & LEFTWICH, of Memphis, for plaintiffs in error.

WALTER CHANDLER, of Memphis, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiffs in error filed their petitions in the circuit court of Shelby county for the writs of *certiorari,* to review the action of the board of equalization of the city of Memphis in its valuation of two parcels of real estate, as the basis of *ad valorem* taxation by the city.

The petitions charge that the valuations so made were "grossly beyond the real and actual value" of the property described, and so excessive as to become confiscatory. No facts are alleged from which the conclusion of confiscation is drawn, except that in the case of one of the pieces of property, an office building, it is charged

that the revenue therefrom has not been sufficient for several years to pay the expenses of operation and the taxes assessed against it.

The charter of the city of Memphis, as amended by Private Acts 1921, chap. 112, sec. 1, provides that the action of the board of equalization in matters of valuation "shall be final."

The petitions for *certiorari* containing no charge that the board of equalization had acted fraudulently or illegally, the circuit court held them insufficient in law and dismissed them. From that action, the petitioners appealed to this court.

The action of the circuit court is clearly supported and sustained by the previous rulings of this court. *Tomlinson* v. *Board of Equalization,* 88 Tenn., 1, 12 S. W., 414, 6 L. R. A., 207; *Staples* v. *Brown,* 113 Tenn., 639, 85 S. W., 254; *Carriger* v. *Mayor, etc., of Morristown,* 148 Tenn., 585, 256 S. W., 883; *Mossy Creek Bank* v. *Jefferson County,* 153 Tenn., 332, 284 S. W., 64; *State ex rel.* v. *Dixie Portland Cement Co.,* 151 Tenn., 53, 257 S. W., 595.

The petitioners contend, however, that the authority of the cases cited has been abrogated by Code 1932, sections 9008-9018, and that by these sections the Legislature has provided a judicial review of the assessment of property for taxation, when made by a board or commission functioning under the laws of the state, with a hearing *de novo* on the question of valuation, in the court assuming jurisdiction.

This contention, presented to this court in *W. J. Savage Company* v. *City of Knoxville,* was rejected and overruled in an opinion of November 18, 1933 (filed for publication July 5, 1934), 167 Tenn., 642, 72 S. W. (2d), 1057. Petition for *certiorari* was denied by the Supreme

Court of the United States, April 2, 1934, 54 S. Ct., 628, 78 L. Ed., —. In the opinion in that case, the Chief Justice said:

"We are of opinion that section 9008 et seq. of the Code, the new statutes authorizing a review of the actions of boards and commissions, do not work any repeal of the charter provision of the city of Knoxville making the valuation of property fixed by its board of equalization final. The Code sections are general in their nature and the charter provision special. A general law does not by implication repeal a special law, unless such legislative intent clearly appears. *Vertrees* v. *State Board of Elections*, 141 Tenn., 645, 214 S. W., 737; *Burnett* v. *Maloney*, 97 Tenn., 697, 37 S. W., 689, 34 L. R. A., 541; Lewis' Sutherland Statutory Construction, sec. 274 et seq.

"We are satisfied it was not intended by the legislature in enacting the Code provisions just mentioned to overturn a long settled policy of this state, and throw open the courts to a controversy upon every assessment of property with which a taxpayer disagreed."

We adhere to the conclusion thus expressed, and are futher of the opinion that the sections of the Code cited were intended and are effectual only to prescribe the procedure to be followed in cases of review by *certiorari*, and that they do not have the effect of enlarging the scope of the writ in any case.

Prior to the adoption of the Code of 1932, the extent and limitation of review by *certiorari* had been extensively treated and defined in published opinions of this court, wherein the exceptional importance and value of the writ are recognized. See *Staples* v. *Brown,* 113 Tenn., 639, 85 S. W., 254; *Tennessee Central Railroad Co.* v. *Campbell,*

109 Tenn., 645, 75 S. W., 1012; *Conners* v. *City of Knoxville,* 136 Tenn., 428, 189 S. W., 870; Id., 139 Tenn., 45, 201 S. W., 133; *Rhea County* v. *White,* 163 Tenn., 388, 43 S. W. (2d), 375; *City of Nashville* v. *Martin,* 156 Tenn., 443, 3 S. W. (2d), 164.

These cases, broadly speaking, recognize the distinction between the writ of *certiorari* as employed under the common law, for the review of the legality of the action of a board or inferior tribunal as within its jurisdiction or powers, and the same writ authorized by statute to be employed, in lieu of an appeal, to review and correct errors of fact and law committed by such inferior tribunal.

We are not able to find in sections 9008-9018 of the Code anything to destroy this important distinction and limitation on the scope of the writ. The earlier statutes, defining the circumstances and conditions under which the writ may be granted, are preserved in the Code without modification, at sections 8989, 8990. Section 9008, limited to persons aggrieved at the action of a "board or commission," prescribes only the time, the court, the venue, the specification of the complaint, and the prayer for review, of the petition for the writ. Subsequent sections amplify and add to these procedural requirements. There is no direction in any of the sections with regard to the nature or extent of the relief which may be awarded by the court issuing the writ.

In section 9014 it is provided that the "hearing shall be on the proof introduced before the board or commission contained in the transcript, and upon such other evidence as either party may desire to introduce." This relates to the competency of evidence, preserving as evi-

dence on the review that which was introduced before the board or commission. It does not purport to enlarge or extend the issues which the petition, under the settled practice, may present for determination by the reviewing court. Under this provision, if the petition be for the common-law writ of *certiorari,* its averments of illegal action or usurpation of authority by the commission or board may be supported or refuted by additional evidence; and if the writ granted be the statutory writ, in lieu of appeal, the hearing is *de novo,* and either party is free to support his contentions by evidence bearing on the issues presented.

There is, however, no support for the contention that this language of the statutes has the effect of overthrowing the established practice by subjecting the merits of every action of statutory commissions and boards to judicial review, substituting the discretion of the circuit or chancery courts for that of administrative bodies. To so construe the statute would be to broadly extend the judicial power into a field heretofore considered the proper domain of the executive or administrative powers of the State government. *Insurance Co.* v. *Craig,* 106 Tenn., 621, 639-642, 62 S. W., 155. Such an extension of judicial power is one which the courts have been and are properly loath to assume, and may not be accomplished by judicial construction of even a doubtful statute.

The judgment of the circuit court, dismissing the petitions for the writs of *certiorari,* will be affirmed.