GROOMES *v.* CITY OF NASHVILLE *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed June 29, 1940.

W. Cornelius Breedlove and Richard M. Atkinson, both of Nashville, for plaintiff.

W. C. Cherry, E. C. Yokley, Jr., Bailey & Howard, Bass, Berry & Sims, Trabue, Hume, Davis & Gale, and Newman, Blackard & White, all of Nashville, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

In this case Harry G. Groomes, an employee of the City of Nashville, subject to civil service, was discharged on February 27, 1940, by the Civil Service and Pension Board. The employee was furnished with a written copy of the charges preferred against him, and he duly filed his answer denying the truthfulness of the charges. At the trial, which lasted several weeks, Groomes was represented by able counsel, and he and his witnesses were permitted to testify. It is not claimed that the provisions

of the city charter governing such proceedings were violated.

One month after his discharge Groomes filed a petition in the First Circuit Court of Davidson County for the statutory writ of *certiorari,* as provided in Sections 9008-9018 of the Code, for the purpose of having his case heard *de novo.* The grounds upon which he seeks relief are that (1) the judgment was rendered arbitrarily because not supported by the evidence; (2) the judgment was not based upon the evidence heard but was arrived at from a political standpoint; (3) the case was heard upon irrelevant, immaterial, foreign, and incompetent evidence; and (4) that he was denied a fair and impartial trial.

We find it unnecessary to decide whether these charges are specific enough to justify the court in a proper proceeding to assume jurisdiction.

Section 49 of the Charter of the City of Nashville contains the following provision:

"The judgment and findings of the Civil Service and Pension Board on all questions of fact in the trial of charges preferred against civil service employees under the provisions of this Act shall be final, and subject to review only for illegality or want of jurisdiction."

Sections 9008-9018 of the Code simply prescribe the procedure, and neither enlarge nor diminish the scope of review by *certiorari. McKee* v. *Board of Elections,* 173 Tenn., 269, 117 S. W. (2d), 752; *Anderson* v. *Memphis,* 167 Tenn., 648, 72 S. W. (2d), 1059; *W. J. Savage Co.* v. *Knoxville,* 167 Tenn., 642, 72 S. W. (2d), 1057; *City of Nashville* v. *Martin,* 156 Tenn., 443, 3 S. W. (2d), 164.

The section of the city charter quoted above makes the judgment of the Civil Service and Pension Board

final, and takes away the right of court review by the statutory writ of *certiorari* without violating the constitution. The Legislature did not and could not take away the common-law writ of *certiorari*; hence the exception of illegality or want of jurisdiction, which are common-law grounds for the issuance of writs of *certiorari*. If the Civil Service and Pension Board acts illegally or without jurisdiction, its judgment may be reviewed upon the common-law writ of *certiorari*, as was done in *Conners* v. *City of Knoxville,* 136 Tenn., 428, 189 S. W., 870, where petitioner Conner was removed from the office of chief of police of that city without notice or trial. It follows from what we have said that Groomes's petition, filed in the First Circuit Court, presents no justifiable controversy to that court. This matter was fully determined in *City of Nashville* v. *Martin, supra,* in which the court, speaking through Chief Justice GREEN, said [156 Tenn., 443, 3 S. W. (2d), 166]:

"As to the police officers of the city of Nashville, the Legislature might have enacted that they should have a fixed term, or that they should serve subject to the pleasure of the mayor or of the civil service and pension board. It was equally permissible for the Legislature to declare that such police officers should serve subject to a trial by the civil service and pension board upon the conditions set out in the act. Such conditions infringed no rights of these employees under section 8 of article 1 of the Tennessee Constitution, nor under the Fourteenth Amendment to the Constitution of the United States. No one has a constitutional right to be employed by a municipality except upon terms prescribed by law. Having no rights under section 8 of article 1 of the Tennessee Constitution, nor under the Fourteenth Amendment to the Federal Constitution, which the criticized legislation

transgressed, this police officer has no remedy against said legislation which he can call upon the courts to enforce under section 17 of article 1 of the Constitution. A limitation was imposed upon his service on the police force of Nashville by a law which he has no standing to question. He served subject to trial on charges preferred against him before the civil service and pension board, and the judgment and findings of that board were made final on questions of fact.''

The relationship existing between the city and Martin in that case and the city and Groomes in the instant case is identical, and the employees in both were subject to Section 49 of the City Charter. The principle announced in *City of Nashville* v. *Martin* was later applied in *W. J. Savage Co.* v. *Knoxville, supra,* and *Anderson* v. *Memphis, supra.*

■ Statutory *certiorari* is simply a substitute for appeal, and in cases of municipal employees operating under civil service, providing that the judgment of the Civil Service Board shall be final, the employee is not entitled to have his case reviewed by statutory *certiorari.* His remedy is common-law *certiorari,* and that is accorded him only where the Board has acted illegally or without jurisdiction.

A member of this court has heretofore issued *fiats* for writs of *certiorari* and *supersedeas.* For the reasons set forth herein we hold that the Circuit Court acted illegally in ordering the writ of *certiorari* to issue and in entering an order directing the Civil Service and Pension Board to certify the record in this case to the Circuit Court for a hearing *de novo.* The writ of *supersedeas* is accordingly made permanent.

■ The petitioner Groomes is prosecuting this case

upon the oath provided for poor persons. It is, therefore, directed that defendants be taxed with the costs accrued at their instance, with judgment over against Groomes for all costs.